JOSHUA PIERCE *vs.* BENJAMIN TRIPP, City Treasurer of the City of Providence.

The highway commissioners of the city of Providence, without the direction of the city council, made excavations on a private way. The cost of the work was paid by the city in the usual routine of payment for work done by the commissioners.

In an action by the owner of the way against the city :

*Held*, that under the ordinances of the city, the acts of the commissioners in excavating and of the financial officers of the city in paying for the work were all *ultra vires.*

*Held*, further, that the city, not having ratified these acts, was not liable.

TRESPASS ON THE CASE. Heard by the court, jury trial being waived.

*January* 18, 1881. MATTESON, J. This is an action on the case to recover damages from the city of Providence for injury to the plaintiff's estate resulting from the excavation of a private way. The case is submitted upon the following facts. The plaintiff is the owner of an estate at the corner of Thurbers Avenue, a highway, and Plane Street, so called, a private way, in Provi-

dence.  The highway department of that city caused Plane Street to be excavated, in 1876, opposite the plaintiff's estate, to the depth of about ten feet, without his consent.  The city council never directed the work to be done, but the cost of it was paid by the city through the regular channels and departments.  If upon these facts the action can be maintained, the case is to stand for trial; otherwise the plaintiff is to become nonsuit.

The excavation of Plane Street, a. private way, was beyond the authority of the highway commissioners, which is limited to "streets and highways," meaning thereby public ways.  Ordinances of the City of Providence, cap. 36, § 17.

The statement of facts does not set forth definitely how the cost of the work was paid.  As, however, the city council did not direct the work to be done, we infer that no special appropriation was made for it, but that the payment was made out of the appropriation for highways; the expenditure having been vouched for by the chairman of the board of highway commissioners, examined by the city auditor, approved by the committee on accounts, and drawn for by the mayor in the manner prescribed by the Ordinances of the City of Providence, cap. 19, § 4.

To say nothing of the fact that the payment was made out of money not appropriated for the purpose, the expenditure being for work done without authority, none of the officers named had power to act, and they ought not to have concurred in the payment.  It did not bind the city, and cannot be regarded as a ratification by the city of the act of the highway commissioners.

Whether or not the payment was reported to the city council by the city auditor, as required by the Ordinances of the City of Providence, cap. 19, § 12, and, if so, what the action of the city council was upon the matter, the statement of facts does not show.

As the act complained of was unauthorized, and there has been no ratification of it by the city, the case comes within the decision in *Donnelly* v. *Tripp*, 12 R. I. 97.  In accordance with the stipulation the plaintiff must become nonsuit.

*Judgment for defendant for costs.*

*Charles H. Parkhurst*, for plaintiff.

*Nicholas Van Slyck*, City Solicitor, for defendant.